Annie Verdries, SBN 91049
LEWIS BRISBOIS BISGAARD & SMITH LLP
650 Town Center Drive, Suite 1400
Costa Mesa, California 92626
Telephone (714) 545-9200
Facsimile (714) 850-1030
E-Mail: verdries@lbbslaw.com

Attorneys for Lisa Fernandez,
Debtor and Debtor-in-Possession

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

SANTA ANA DIVISION

| | |
|---|---|
| In re:<br><br>LISA FERNANDEZ,<br><br>Debtors(s).<br><br>———————————————<br><br>LISA FERNANDEZ,<br><br>Plaintiff<br><br>vs.<br><br>B&H REAL ESTATE, INC., a California corporation,<br><br>Defendant(s) | Case No.: 8:07-bk-11503-ES<br><br>Chapter 11<br><br>Adv No.<br><br>COMPLAINT TO AVOID AND RECOVER TRANSFER OF PROPERTY PURSUANT TO SECTIONS 544 AND 550 OF THE BANKRUPTCY CODE<br><br>[ No Hearing Set ] |

Lisa Fernandez Debtor and Debtor-in-Possession (hereinafter referred to as "Plaintiff"), for her Compliant herein, alleges:

1. The case from which this adversary proceeding arises was commenced on May 23, 2007 by the filing of a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code. Plaintiff is the Debtor-in-Possession.

4848-2947-3281.1

2. This adversary proceeding is instituted against defendant to avoid and recover certain transfer of property of the bankruptcy estate pursuant to 11 U.S.C. Sections 544, 547 and 550.

2. Jurisdiction of this court is founded on 28 U.S.C. Sections 157 and 1334 in that this adversary proceeding which is a core proceeding arising under Title 11 of the United Sates Code, United States Bankruptcy Court, Central District of California, and in that this adversary proceeding has been referred to this Bankruptcy Court by the United States District Court for the Central District of California.

## FIRST CAUSE OF ACTION

### ( 11 U.S.C. Section 544)

3. Plaintiff hereby realleges and incorporates by this reference paragraphs 1 through 3, inclusive, as though fully set forth herein.

4. Lisa Fernandez, at all times herein mentioned is and was ths sole owner of two parcels of real property located respectively at 4322 Hollow Tree Court, Yorba Linda, California 92886 and 22355 Starwood Drive, Yorba Linda, California 92887 ("Real Property").

5. On May 30, 2006 there was recorded by Defendant, B&H Real Estate, Inc. a Deed of Trust ("Deed of Trust") with the Orange County Recorder's office as Instrument No. 2006000359421. A true and correct copy thereof is attached hereto as **Exhibit A** and incorporated herein by reference as if fully set forth again.

6. The Deed of Trust claims to encumber the Real Property.

7. The signature of Lisa Fernandez on the Deed of Trust as recorded, does not have an acknowledgment of execution or proof by a subscribing witness regarding Lisa Fernandez' signature, and therefore does not impact constructive notice of its existence.

8. Pursuant to the Bankruptcy Code Section 544(a)(3), Plaintiff has the rights of a bona fide purchaser of the Real Property who has perfected the transfer at the time of the filing of the bankruptcy petition.

9. The transfer by the Deed of Trust on the Real Property is void as against a bona fide purchaser, and therefore, Plaintiff holds title to the Real Property free and clear of the Deed of Trust.

10. By reason of the foregoing, Plaintiff is entitled to a judgment voiding the Deed of Trust.

**FOR RECOVERY OF AVOIDED TRANSFER 11 U.S.C. § 550**

1. Plaintiff hereby incorporates by reference paragraphs 1 through 10, and realleges these paragraphs as though set forth in full.

2. Defendant is the initial transferee of the transfer of the interest in the Real Property by the Deed of Trust;

3. Plaintiff may recover from Defendant and preserve for the benefit of the estate the Deed of Trust.

**WHEREFORE**, Plaintiff prays that judgment be entered as follows:

1. That Plaintiff recover, for the benefit of the estate, the Deed of Trust;

2. That Defendant pay Plaintiff's cost and disbursements with respect to this action; and

3. For such other and further relief as this Court deems just and proper.

DATED: June 26, 2007          LEWIS BRISBOIS BISGAARD & SMITH LLP

By _____
Annie Verdries
Attorneys for Lisa Fernandez,
Debtor and Debtor-in-Possession

4848-2947-3281.1                              -3-

**EXHIBIT A**

Order No. GLN 218352
Escrow No.
Loan No.

THIS INSTRUMENT FILED FOR RECORD BY FIRST AMERICAN TITLE CO. OF L.A. AS AN ACCOMMODATION ONLY. IT HAS NOT BEEN EXAMINED AS TO ITS EXECUTION OR AS TO ITS EFFECT UPON TITLE.

RECORDING REQUESTED BY: DPS
ON BEHALF OF: DPS

WHEN RECORDED MAIL TO:

B & H REAL ESTATE, INC.
256 SOUTH WEATHERLY DRIVE
BEVERLY HILLS, CA 90211

DPS Santa Ana B

Recorded in Official Records, Orange County
Tom Daly, Clerk-Recorder

24.00
2006000359421 08:00am 05/30/06
113 28 D11 A36 5
0.00 0.00 0.00 0.00 12.00 0.00 0.00 0.00

SPACE ABOVE THIS LINE FOR RECORDER'S USE
APN 323-482-49 & 352-061-17

# DEED OF TRUST WITH ASSIGNMENT OF RENTS
(This Deed of Trust contains an acceleration clause)
(This Deed of Trust will record in third position subject to a first Deed of Trust already of record.)
(This Deed of Trust is cross collateralized against other property and secures one Note.)

This DEED OF TRUST, made **May 19, 2006**, between

Lisa Fernandez, a Married Woman as her sole and separate property, herein called TRUSTOR,
Whose address is 4322 Hollow Tree Court, Yorba Linda, Ca. 92886 and 22355 Starwood Drive, Yorba Linda, Ca. 92887, to
(Number and Street)    (City)    (State)

**B & H REAL ESTATE, INC., a California corporation,** herein called TRUSTEE, and

**B & H REAL ESTATE, INC., a California corporation,** herein called BENEFICIARY,

WITNESSETH: That Trustor grants to Trustee in Trust, with Power of Sale, that property in the city of Yorba Linda, County of Orange, State of California, described as:

SEE EXHIBIT 'A' ATTACHED HERETO AND MADE A PART HEREOF

together with the rents, issues and profits thereof, subject, however, to the right, power and authority hereinafter given to and conferred upon **Beneficiary to collect and apply such rents, issues and profits, for the purpose of securing (1) payment of the sum of $780,640.71** with interest thereon according to the terms of a promissory note or notes of even date herewith made by Trustor, payable to order of Beneficiary, and extensions or renewals thereof, (2) the performance of each agreement of Trustor incorporated by reference or contained herein and (3) payment of additional sums and interest thereon which may hereafter be loaned to Trustor, or his successors or assigns, when evidenced by a promissory note or notes reciting that they are secured by this Deed of Trust.

If the trustor shall sell, convey of alienate said property, or any part thereof, or any interest therein, or shall be divested of his title or any interest therein in any manner or way, whether voluntarily or involuntarily, without the written consent of the beneficiary being first had and obtained beneficiary shall have the right, at its option, to declare any indebtedness or obligations secured hereby, irrespective of the maturity date specified in any note evidencing the same, immediately due and payable.

A.    To protect the security of this Deed of Trust, Trustor agrees:

(1) To keep said property in good condition and repair; not to remove or demolish any building thereon; to complete or restore promptly and in good and workmanlike manner any building which may be constructed, damaged or destroyed thereon and to pay when due all claims for labor performed and materials furnished therefor; to comply with all laws affecting said property or requiring any alterations or improvements to be made thereon; not to commit or permit waste thereof; not to commit, suffer or permit any act upon said property in violation of law; to cultivate, irrigate, fertilize, fumigate, prune and do all other acts which from the character or use of said property may be reasonably necessary, the specific enumerations herein not excluding the general.

(2) To provide, maintain and deliver to Beneficiary fire insurance satisfactory to and with loss payable to Beneficiary.

THIS INSTRUMENT ... ...ORD BY FIRST AMERICAN TITLE CO. OF L.A. AS AN ACCOMMODATION ONLY. IT HAS NOT BEEN EXAMINED AS TO ITS EXECUTION OR AS TO ITS EFFECT UPON TITLE.

EXH___A___ PG___4___

The amount collected under any fire or other insurance policy may be applied by Beneficiary upon any indebtedness secured hereby and in such order as Beneficiary may determine, or at option of Beneficiary the entire amount so collected or any part thereof may be released to Trustor. Such application or release shall not cure or waive any default or notice of default hereunder or invalidate any act done pursuant to such notice.

(3) To appear in and defend any action or proceeding purporting to affect the security hereof or the rights or power of Beneficiary or Trustee; and to pay all costs and expenses, including cost of evidence of title and attorney's fees in a reasonable sum, in any such action or proceeding in which Beneficiary or Trustee may appear, and in any suit brought by Beneficiary to foreclose this Deed.

(4) To pay: at least ten days before delinquency all taxes and assessments affecting said property, including assessments on appurtenant water stock; when due, all encumbrances, charges and liens, with interest, on said property or any part thereof, which appear to be prior or superior hereto; all costs, fees and expenses of this Trust.

Should Trustor fail to make any payment or to do any act as herein provided, then Beneficiary or Trustee, but without obligation so to do and without notice to or demand upon Trustor and without releasing Trustor from any obligation hereof, may: make or do the same in such manner and to such extent as either may deem necessary to protect the security hereof, Beneficiary or Trustee being authorized to enter upon said property for such purposes; appear in and defend any action or proceeding purporting to affect the security hereof or the rights or powers of Beneficiary or Trustee; pay, purchase, contest or compromise any encumbrance, charge or lien which in the judgment of either appears to be prior or superior hereto; and, in exercising any such powers, pay necessary expenses, employ counsel and pay his reasonable fees.

(5) To pay immediately and without demand all sums so expended by Beneficiary or Trustee, with interest from date of expenditure at the amount allowed by law in effect at the date hereof, and to pay for any statement provided for by law in effect at the date hereof regarding the obligation secured hereby any amount demanded by the Beneficiary not to exceed the maximum allowed by law at the time when said statement is demanded.

B.   It is mutually agreed:

(1) That any award of damages in connection with any condemnation for public use of or injury to said property or any part thereof is hereby assigned and shall be paid to Beneficiary who may apply or release such moneys received by him in the same manner and with the same effect as above provided for disposition of proceeds of fire or other insurance.

(2) That by accepting payment of any sum secured here by after its due date, Beneficiary does not waive his right either to
require prompt payment when due of all other sums so secured or to declare default for failure so to pay.

(3) That at any time or from time to time, without liability therefor and without notice, upon written request of Beneficiary and presentation of this Deed and said note for endorsement, and without affecting the personal liability of any person for payment of the indebtedness secured hereby, Trustee may: reconvey any part of said property; consent to the making of any map or plat thereof; join in granting any easement thereon; or join in any extension agreement or any agreement subordinating the lien or charge hereof.

(4) That upon written request of beneficiary stating that all sums secured hereby have been paid, and upon surrender of this Deed and said note to Trustee for cancellation and retention or other disposition as Trustee in its sole discretion may choose and upon payment of its fees, Trustee shall reconvey, without warranty, the property then held hereunder. The recitals in such reconveyance of any matters or facts shall be conclusive proof of the truthfulness thereof. The Grantee in such reconveyance may be described as "the person or persons legally entitled thereto."

(5) That as additional security, Trustor hereby gives to and confers upon Beneficiary the right, power and authority, during the continuance of these Trusts, to collect the rents, issues and profits of said property, reserving unto Trustor the right, prior to any default by Trustor in payment of any indebtedness secured hereby or in performance of any agreement hereunder, to collect and retain such rents, issues and profits as they become due and payable. Upon any such default, Beneficiary may at any time without notice, either in person, by agent, or by a receiver to be appointed by a court, and without regard to the adequacy of any security for the indebtedness hereby secured, enter upon and take possession of said property or any part thereof, in his own name sue for or otherwise collect such rents, issues, and profits, including those past due and unpaid, and apply the same, less costs and expenses of operation and collection, including reasonable attorney's fees, upon any indebtedness secured hereby, and in such order as Beneficiary may determine. The entering upon and taking possession of said property, the collection of such rents, issues and profits and the application thereof as aforesaid, shall not cure or waive any default or notice of default hereunder or invalidate any act done pursuant to such notice.

(6) That upon default by Trustor in payment of any indebtedness secured hereby or in performance of any agreement hereunder, Beneficiary may declare all sums secured hereby immediately due and payable by delivery to Trustee of written



declaration of default and demand for sale and of written notice of default and of election to cause to be sold said property, which notice Trustee shall cause to be filed for record. Beneficiary also shall deposit with Trustee this Deed, said note and all documents evidencing expenditures secured hereby.

After the lapse of such time as may then be required by law following the recordation of said notice of default, and notice of sale having been given as then required by law, Trustee, without demand on Trustor, shall sell said property at the time and place fixed by it in said notice of sale, either as a whole or in separate parcels, and in such order as it may determine, at public auction to the highest bidder for cash in lawful money of the United States, payable at time of sale. Trustee may postpone sale of all or any portion of said property by public announcement at such time and place of sale, and from time to time thereafter may postpone such sale by public announcement at the time fixed by the preceding postponement. Trustee shall deliver to such purchaser its deed conveying the property so sold, but without any covenant or warranty, express or implied. The recitals in such deed of any matters or facts shall be conclusive proof of the truthfulness thereof. Any person, including Trustor, Trustee, or Beneficiary as hereinafter defined, may purchase at such sale.

After deducting all costs, fees and expenses of Trustee and of this Trust, including cost of evidence of title in connection with sale, Trustee shall apply the proceeds of sale to payment of: all sums expended under the terms hereof, not then repaid, with accrued interest at the amount allowed by law in effect at the date hereof; all other sums then secured hereby; and the remainder, if any, to the person or persons legally entitled thereto.

(7) Beneficiary, or any successor in ownership of any indebtedness secured hereby, may from time to time, by instrument in writing, substitute a successor or successors to any Trustee named herein or acting hereunder, which instrument, executed by the Beneficiary and duly acknowledged and recorded in the office of the recorder of the county or counties where said property is situated, shall be conclusive proof of proper substitution of such successor Trustee or Trustees, who shall, without conveyance from the Trustee predecessor, succeed to all its title, estate, rights, powers and duties. Said instrument must contain the name of the original Trustor, Trustee and Beneficiary hereunder, the book and page where this Deed is recorded and the name and address of the new Trustee.

(8) That this Deed applies to, inures to the benefit of, and binds all parties hereto, their heirs, legatees, devisees, administrators, executors, successors and assigns. The term Beneficiary shall mean the owner and holder, including pledgees, of the note secured hereby, whether or not named as Beneficiary herein. In this Deed, whenever the context so requires, the masculine gender includes the feminine and/or neuter, and the singular number includes the plural.

(9) That Trustee accepts this Trust when this Deed, duly executed and acknowledged, is made a public record as provided by law. Trustee is not obligated to notify any party hereto of pending sale under any other Deed of Trust or of any action or proceeding in which Trustor, Beneficiary or Trustee shall be a party unless brought by Trustee.

(10) Any notice required or permitted to be given by Grantor or Beneficiary under this Deed of Trust shall be in writing and will be deemed given (a) upon personal delivery, (b) on the first business day after receipted delivery to a courier service that guarantees next-business-day delivery, or(c) on the third business day after mailing, by registered or certified United States mail, postage prepaid, in any case to the appropriate party at its address set forth above:

The undersigned Trustor requests that a copy of any notice of default and of any notice of sale hereunder be mailed to him at his address hereinbefore set forth.

**Signature of Trustor**

_____
Lisa Fernandez

EXH_____A_____PG_____6_____

STATE OF CALIFORNIA
COUNTY OF __Orange__

On __May 25th, 2006__, before me, __Theresa Conner__ personally appeared __Greg Fernandez__ personally known to me (or proved to me on the basis of satisfactory evidence) to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity (ies), and that by his/her/their signature(s) on the instrument the person(s) or the entity upon behalf of which the person(s) acted, executed the instrument.

**WITNESS** my hand and official seal.

Signature __Theresa Conner__

[Notary seal: THERESA ANGELA CONNER, Commission # 1552349, Notary Public - California, Orange County, My Comm. Expires Feb 13, 2009]

(This area for official notarial seal)

EXH __A__ PG __7__

PARCEL 1:

LOT 49 (THE "LOT") OF AMENDED MAP NO. 14555, IN THE CITY OF YORBA LINDA, COUNTY OF ORANGE, STATE OF CALIFORNIA, AS PER MAP RECORDED IN BOOK 834, PAGE(S) 16 TO 21, INCLUSIVE OF MISCELLANEOUS MAPS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY.

EXCEPT THEREFROM ALL OIL, GAS, MINERALS AND OTHER HYDROCARBON SUBSTANCES, LYING BELOW A DEPTH OF 500 FEET, WITHOUT THE RIGHT OF SURFACE ENTRY, BY DEED RECORDED DECEMBER 9, 1988 AS INSTRUMENT NO. 88-0640963 OF OFFICIAL RECORDS.

PARCEL 2:

NON-EXCLUSIVE EASEMENTS FOR ACCESS, INGRESS, EGRESS, USE AND ENJOYMENT, DRAINAGE, ENCROACHMENT, SUPPORT, MAINTENANCE, REPAIRS AND FOR OTHER PURPOSES, ALL AS DESCRIBED IN THE DECLARATION OF COVENANTS, CONDITIONS, RESTRICTIONS AND RESERVATION OF EASEMENTS FOR KERRIGAN RANCH 1 ("DECLARATION"), RECORDED AUGUST 13, 2002 AS INSTRUMENT NO. 20020674428 AND THE NOTICE OF ADDITION OF TERRITORY AND SUPPLEMENTAL DECLARATION OF COVENANTS, CONDITIONS AND RESTRICTIONS FOR KERRIGAN RANCH I (PHASE 2) ("NOTICE"), RECORDED AUGUST 20, 2002 AS INSTRUMENT NO. 20020698178, BOTH OF OFFICIAL RECORDS OF ORANGE COUNTY, CALIFORNIA.

APN: 323-482-49


LOT 66 OF TRACT NO. 10504, IN THE CITY OF YORBA LINDA, COUNTY OF ORANGE, STATE OF CALIFORNIA, AS SHOWN ON A MAP RECORDED IN BOOK 462, PAGES 10 TO 22 INCLUSIVE, MISCELLANEOUS MAPS, RECORDS OF SAID ORANGE COUNTY, CALIFORNIA.

EXCEPTING ALL MINERALS, OIL, GAS, PETROLEUM AND OTHER HYDROCARBON SUBSTANCES IN OR UNDER OR WHICH MAY BE PRODUCED FROM SAID LAND WHICH UNDERLIES A PLANE PARALLEL TO AND 550 FEET BELOW THE PRESENT SURFACE OF SAID LAND, FOR THE PURPOSE OF PROSPECTING FOR, THE EXPLORATION, DEVELOPMENT, PRODUCTION, EXTRACTION AND TAKING OF SAID MINERALS, OIL, GAS, PETROLEUM AND OTHER HYDROCARBON SUBSTANCES FROM SAID LAND BY MEANS OF MINES, WELLS, DERRICKS AND/OR OTHER EQUIPMENT FROM SURFACE LOCATIONS ON ADJOINING OR NEIGHBORING LAND OR LYING OUTSIDE OF THE ABOVE DESCRIBED LAND, IT BEING UNDERSTOOD THAT THE OWNER OF SUCH MINERALS, OIL, GAS, PETROLEUM, OTHER HYDROCARBON SUBSTANCES AS SET FORTH ABOVE, SHALL HAVE NO RIGHT TO ENTER UPON THE SURFACE OF THE ABOVE DESCRIBED LAND BEING CONVEYED BY THIS DEED NOR TO USE ANY OF THE SAID LAND OR ANY PORTION THEREOF ABOVE SAID PLANE PARALLEL TO AND 550 FEET BELOW THE PRESENT SURFACE OF THE LAND FOR ANY PURPOSE WHATSOEVER, AS RESERVED IN THE DEED RECORDED NOVEMBER 14, 1978 IN BOOK 12922, PAGE 519 AND OTHERS, OF OFFICIAL RECORDS.

APN: 352-061-17

EXH____A____PG____8____

**DO NOT RECORD**
REQUEST FOR FULL RECONVEYANCE

TO Overland financial Company, TRUSTEE:

The undersigned is the legal owner and holder of the note or notes, and of all other indebtedness secured by the foregoing Deed of Trust. Said note or notes, together with all other indebtedness secured by said Deed of Trust, have been fully paid and satisfied; and you are hereby requested and directed, on payment to you of any sums owing to you under the terms of said Deed of Trust, to cancel said note or notes above mentioned, and all other evidences of indebtedness secured by said Deed of Trust delivered to you herewith, together with the said Deed of Trust, and to reconvey, without warranty, to the parties designated by the terms of said Deed of Trust, all the estate now held by you under the same.

Dated _____

_____

_____

Please mail Deed of Trust,
Note and Reconveyance to_____

**Do not lose or destroy this Deed of Trust OR THE NOTE which it secures. Both must be delivered to the Trustee for cancellation before reconveyance will be made.**

EXH __A__ PG __9__